UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVIAN MCCARTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 11-2078 (RJL) |
| | ) |
| BANK OF NEW YORK *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION
(July 4, 2012) [#4 and #5]

Plaintiff Vivian McCarter ("plaintiff" or "McCarter") brings this action against The Bank of New York Mellon ("BNY"), Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("BANA"), Bierman, Geesing, Ward & Wood, LLC ("BGW"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association ("Fannie Mae") (collectively, "defendants"), seeking declaratory and injunctive relief, as well as damages, for 20 different causes of action. Before the Court is defendants BNY, BANA, MERS and Fannie Mae's Motion to Dismiss (Dkt. #4) and defendant BGW's Motion to Dismiss, or Alternatively, for Summary Judgment (Dkt. #5). Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendants' Motions to Dismiss are GRANTED.

1

## BACKGROUND

On December 23, 2005, plaintiff Vivian McCarter, a Washington, D.C. resident, was issued a $270,000 mortgage loan by Countrywide Home Loans LLC ("Countrywide"), which was later bought by BANA. Compl. ¶¶ 6, 38, 77, 81, ECF No. 1-2. The mortgage loan, a 30-year fixed rate loan at 6.125% interest rate for 360 months, was secured by plaintiff's principal residence, 1805 A Street SE, Washington, DC 20003 ("Property"), and was reduced to a Deed of Trust and a Promissory Note. *Id.* ¶¶ 37-39, 78.

At an unspecified date, plaintiff applied for a loan modification, which was later denied. *Id.* ¶ 44. Plaintiff alleges that "underwriting standards" and the inability of BANA and BNY to locate the Promissory Note were the reasons for the modification denial. *Id.* ¶¶ 44, 50. As a result, BANA foreclosed on plaintiff's property, and plaintiff "lost her home." *Id.* ¶¶ 36, 48, 76.

On November 1, 2011, plaintiff filed this lawsuit against defendants in the Superior Court for the District of Columbia. *See generally id.* Defendants removed the action to this Court on November 22, 2011. *See* Notice of Removal, ECF No. 1. Alleging numerous violations of law against a multitude of defendants, plaintiff seeks an injunction preventing BANA from "attempting to take any action to take possession of the property," compensatory, punitive and statutory damages, and an award of costs and attorneys' fees. Compl. ¶ 326.

## STANDARD OF REVIEW

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal quotations marks omitted). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "[T]he court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The court may, however, consider "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ANALYSIS

Defendants argue that plaintiff's claims are so "conclusory," "unclear," and "insufficiently ple[d]" that plaintiff not only fails to allege facts that could be the legitimate basis for a claim for relief against defendants, but also fails to provide defendants notice of the claims being raised against them. Defs.' Mem. of Law in Supp.

of Mot. to Dismiss Pl.'s Compl. at 2-3, ECF No. 4. Because the complaint is "largely devoted to overbroad generalizations about the banking industry" without much tailoring to a specific dispute between the parties, defendants contend that the complaint should be dismissed pursuant to Rule 12(b)(6) because no viable cause of action can be engineered from plaintiff's set of facts. *Id.* at 2; Def.'s Mem. in Supp. of Mot. to Dismiss Compl., or in Altern., Mot. for Summ. Judgment at 18-19, ECF No. 5-1. I agree. Indeed, even assuming the facts alleged in plaintiff's complaint were true, plaintiff, for the following reasons, fails to state a claim upon which relief can be granted.

The Federal Rules of Civil Procedure provide for a minimal pleading standard to ensure that the adverse party is reasonably informed of the asserted causes of action such that he can file a responsive answer and prepare an adequate defense. *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 19 (D.D.C. 2009) (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). In particular, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The admittedly liberal standard set by the rule is by no means onerous, but pleadings that: (1) are "confused and rambling narrative[s] of charges and conclusions"; (2) are "untidy assortment[s] of claims that are neither plainly nor concisely stated" or (3) fail to allege "even with modest particularity the dates and places of the alleged transactions" will unhesitatingly be dismissed. *Poblete*, 680 F. Supp. 2d at 19 (quoting *Brown*, 75 F.R.D. at 499).

Plaintiff's 59-page complaint, unfortunately, is an incoherent narrative containing numerous allegations that generalize and conclude as opposed to specify and support. Indeed, most of the allegations are so overbroad and inconsistent with one another that defendants could not possibly exact what factual allegations underlie those claims, much less respond in any intelligible manner.

For instance, one of plaintiff's main allegations is that BANA sold her a "deceptive loan product" and unlawfully foreclosed on her property. *See* Compl. ¶¶ 6, 38, 44, 48, 69. But plaintiff not only utilizes threadbare conclusory statements to support the 20 causes of action she has initiated against BANA, but also fails to include in her complaint *any* description of the foreclosure or identification of the parties involved. As such, BANA is unable to ascertain the nature and scope of plaintiff's claims against it, which range from common law fraud to abuse and malicious prosecution, beyond the possible conclusion that plaintiff is disputing some unspecified, 7 year-old mortgage loan and its ensuing default. Indeed, the complaint reads like a poorly written assortment of generalized grievances about the banking industry that is more closely tied to newspaper articles and investigative reports than plaintiff's own situation.

In addition to frustrating defendants' ability to discern the exact claims being raised against them, the plaintiff also fails to allege facts that would allow the court to draw the reasonable inference that the defendants are liable for any of the misconduct alleged. First, there is a complete dearth of relevant factual allegations in the complaint

supporting any of plaintiff's claims for relief as to MERS, Fannie Mae, or BNY, yet plaintiff wraps these entities into the term "defendant" and initiates a myriad of claims against them.¹ Even if the Court accepted as true plaintiff's allegations that MERS "lost the underlying note to [plaintiff's] mortgage" (Compl. ¶¶ 7, 162), Fannie Mae "failed to follow its own underwriting requirements" (Compl. ¶ 245), and BNY "did not apply consistent standards to applicants for mortgage modification under the HAMP program" (Compl. ¶ 174), it could not infer from such conclusory statements that plaintiff has stated any plausible claim for relief against defendants MERS, Fannie Mae, or BNY. *See Iqbal*, 556 U.S. at 679 ("where the . . . facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief") (alteration in original) (citation and internal quotations marks omitted).

Additionally, plaintiff fails to make factual allegations against BANA or BGW sufficient to raise a right to relief above the speculative level. For instance, in support of her claim of common law fraud against BANA and BGW, plaintiff alleges that BANA "misle[d] [her] as to how she could redeem her property from the foreclosure process"

---

¹ The causes of action plaintiff initiates against defendants MERS, Fannie Mae, and BNY include claims for declaratory relief, injunctive relief, common law fraud, gross negligence, unfair and captive business practices, failure to comply with District of Columbia statutes, intentional violation of the duty of good faith (MERS and Fannie Mae only), wrongful disclosure (MERS and Fannie Mae only), violations of Truth and Lending Act (Fannie Mae only), conspiracy to commit mortgage fraud (BNY only) and failure to comply with state statutes (BNY only).

and BGW used "illegal practices" such as "notarizi[ng] assignments of mortgage[s] that were back-dated." *See* Compl. ¶¶ 131, 147, 152. But with regard to her fraud claim against BANA, plaintiff utilizes legal conclusions, rather than factual matter, to support her cause of action. *See* Compl. ¶¶ 132 (BANA "provided information to [plaintiff] that . . . were in direct contradiction with one another, and if any one of them is true then the others must be false representations of fact"); 133 (BANA "made reckless statements without knowledge of the truth, shown by the various and conflicting assertions made to [p]laintiff about the status of the foreclosure sale of her home"), 134 (BANA's "false statements were intended to induce [p]laintiff's reliance on HAMP processes . . . internal to [BANA] for resolution of the foreclosure issue"). Not only must fraud claims be pled with particularity, but the case law makes clear that the Court "need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citing *Kowal*, 16 F.3d at 1276); Fed. R. Civ. P. 9(b). The same deficiency is true for plaintiff's common law fraud claim against BGW. Indeed, the only factual content describing the existence of BGW's alleged "improper procedures" is found in a *Baltimore Sun* newspaper article that is unrelated to plaintiff's case. *See* Compl. ¶¶ 149-50. Finally, plaintiff charges BANA and BGW with gross negligence based on BANA's failure to "follow its own underwriting procedures in a way calculated to induce [plaintiff] to obtain a mortgage for

which she did not qualify" and BGW's allowance of the use of "forged documents ... in the illegal foreclosure of [plaintiff's] home." Compl. ¶ 168. As a result, plaintiff contends that she "lost ownership of her property at foreclosure." *Id.* But the plaintiff fails to allege, among other things, how BANA neglected its own underwriting procedures, which documents BGW used that were allegedly forged, what duty defendants owed to plaintiff to form the basis of a negligence claim, and what the causal relationship is between defendants' conduct and plaintiff's damages.

Only a complaint that states a plausible claim for relief survives a motion to dismiss. Put simply, pleadings that are no more than conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. As such, plaintiff fails to nudge her claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570. Dismissal for failure to state a claim is thus appropriate under Rule 12(b)(6).

## CONCLUSION

For all the foregoing reasons, defendants' Motions to Dismiss [#4 and #5] are hereby GRANTED. An appropriate order shall accompany this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge